IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SHANNON ORANDA JEFFERIES,    )
                             )
         Plaintiff,          )
                             )
    v.                       )          1:18cv223
                             )
UNC REGIONAL PHYSICIANS      )
PEDIATRICS and ERIC WELCH,   )
                             )
         Defendants.         )

## MEMORANDUM ORDER

THOMAS D. SCHROEDER, District Judge.

This is an employment discrimination action by Plaintiff Shannon Jefferies, proceeding pro se, alleging race discrimination and retaliation arising out of her alleged discipline and termination by UNC Regional Physicians Pediatrics ("Regional"). Before the court is the motion to dismiss filed by Defendants Regional and Eric Welch, Jefferies's supervisor. (Doc. 7.) Jefferies has not filed a response. For the reasons discussed below, the motion will be granted in part and denied in part.

I.  BACKGROUND

The complaint, viewed in the light most favorable to Jefferies, provides only the following short statement:

> For charges that are stated on EEOC files that are attached, also for loss of wages, stressful and disrupted lifestyle due to lack of employment.

(Doc. 5 at 1.) However, "to determine whether the claim of a pro se plaintiff can withstand a motion to dismiss, it is appropriate

to look beyond the face of the complaint to allegations made in any additional materials filled by the plaintiff." Armstrong v. Rolm A. Siemeans Co., 129 F.3d 1258 (4th Cir. 1997) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Jefferies has attached two Equal Employment Opportunity Commission ("EEOC") charges and related paperwork to her complaint, which include the following facts and allegations:

Jefferies is a black woman who worked as a Certified Medical Assistant ("CMA") at Regional since September 2014. (Doc. 5-1 at 1.) Welch was Jefferies's supervisor. (Id.) In an EEOC charge filed on June 19, 2017, Jefferies alleged that on March 21, 2017, she was disciplined for attendance issues, including arriving late, leaving early, and "routinely calling-out." (Id.) On May 23, 2017, she was disciplined again "for unrelated reasons" and "submitted a rebuttal stating [her] belief that [she] was being singled out due to [her] race." (Id.) Jefferies was disciplined again on June 15, 2017, "for attendance related issues." (Id.) She alleged that she was the only CMA being held to the attendance standards and claimed she had been discriminated against "due to my race (Black) and in retaliation for my complaint of being singled out due to my race in violation of Title VII." (Id.)

On June 20, 2017, Jefferies filed a second EEOC charge. (Id. at 2.) In it, she alleged that on June 19, 2017, she was "abruptly discharged under the guise that [she] had been 'witnessed going

2

through another employee's drawer and retriev[ing] personal information and then shar[ing] it with other employees.'" (Id.) Jefferies denies this accusation and claims that she was terminated in retaliation for her having filed the prior EEOC charge. (Id.)

On March 5, 2018, Jefferies filed this lawsuit against Regional in the General Court of Justice, Guilford County, District Court Division-Small Claims court. (Doc. 1-1.) Regional timely removed the action to this court based on federal question jurisdiction. 28 U.S.C. § 1331. (Doc. 1.) Regional then filed the pending motion to dismiss on March 27, 2018. (Doc. 7.) On March 28, a Roseboro letter[1] was sent to Jefferies, advising her of her right to respond and the likelihood that her failure to do so may result in her case being dismissed. (Doc. 10.) Jefferies has failed to respond.

**II. ANALYSIS**

    **A. Legal Standard**

Even though Defendants' motion to dismiss is unopposed and can ordinarily be granted on that basis, see Local Rule 7.3(k), the court nevertheless must satisfy itself that the motion is merited. Gardendance, Inc. v. Woodstock Copperworks, Ltd., 230 F.R.D. 438, 449 (M.D.N.C. 2005). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain a short and plain

---

[1] See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975); see also Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985).

statement of the claim showing that the pleader is entitled to relief. Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Jefferies is proceeding pro se and is entitled to a liberal construction of her pleading; however, this liberal construction does not require the court to ignore clear defects in pleading, Bustos v. Chamberlain, No. 3:09-1760-HMH-JRM, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009), or to "conjure up questions never squarely presented in the complaint," Brice v. Jenkins, 489 F. Supp. 2d 538, 541 (E.D. Va. 2007) (internal quotation marks and citation omitted).

**B. Jefferies's Claims Against Welch**

Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 2000e et seq. ("Title VII"), authorizes claims against an employer, but not against non-employers or supervisors. Id. § 2000e-(2)(a)(1) ("[i]t shall be an unlawful employment practice for an employer to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of

4

employment, because of such individual's race); Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998). Jefferies alleges that she was employed by Regional, not Welch. (Doc. 5-1 at 1.) As such, Welch is not an employer, and the Title VII claims against him will be dismissed.

**C. Jefferies's Claims Against Regional**

    **a. Race Discrimination Claim**

A Title VII discrimination claim must "include adequate factual allegations to support a claim that the [employer] discriminated" because of race. McCleary-Evans v. Md. Dep't of Transp., 780 F.3d 582, 583 (4th Cir. 2015) cert. denied, 136 S. Ct. 1162 (2016). In the absence of direct evidence of discrimination, a plaintiff can raise an inference of discrimination that an adverse employment action was the product of discrimination via the burden-shifting framework set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). The elements of a prima facie case of Title VII discrimination are: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). An employee need not allege specific facts to make out a prima facie case. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002). However, she must allege sufficient facts "to

5

raise a right to relief above the speculative level." Twombly, 550 U.S. at 555; McCleary-Evans, 780 F.3d at 586-87.

Jefferies contends that she was disciplined three times and eventually terminated due to her race. (Doc. 5-1 at 1-2.) Regional argues that disciplining Jefferies does not constitute an adverse employment action, though it concedes that her termination does. Regional additionally argues that Jefferies provides no factual basis to infer race as a motivating factor in any of the claimed adverse actions. (Doc. 8 at 5-6.)

Regional is correct that Jefferies's race discrimination claim fails because the complaint, including attachments, does not offer sufficient factual allegations supporting an inference that Jefferies was disciplined because of race. See Martin v. Duffy, 858 F.3d 239, 248 (4th Cir. 2017). While Jefferies does allege she was held to a higher standard than the other CMAs, there is no allegation of the race of the other CMAs or how they received favorable treatment. It is not enough to make conclusory allegations that an employment action was taken because of race. See id.; Coleman, 626 F.3d at 190-191; McKissick-Melton v. N.C. Cent. Univ., No. 1:16-CV-605, 2016 WL 6806234, at *2 (M.D.N.C. Nov. 17, 2016). Here, Jefferies's claim that she was disciplined due to race lacks sufficient facts to raise it above the speculative level, and Regional's motion to dismiss will therefore be granted as to it. See McCleary-Evans, 780 F.3d at 588.

6

### b. Retaliation Claim

Title VII prohibits an employer from "retaliating against an employee for complaining about prior discrimination." Foster v. Univ. of Md.-E. Shore, 787 F.3d 243, 249 (4th Cir. 2015). To establish a prima facie case of retaliation, "a plaintiff must prove (1) that she engaged in a protected activity, as well as (2) that her employer took an adverse employment action against her, and (3) that there was a causal link between the two events." Boyer-Liberto v. Fontainebleau Corp, 786 F.3d 264, 281 (4th Cir. 2015) (quotations omitted). Filing an EEOC charge is a protected activity. 42 U.S.C. § 2000e-3(a). Title VII retaliation claims require a showing that the action would not have happened but for the plaintiff's protected activity. Univ. of Tex. Sw. Med. Ctr. V. Nassar, 133 S. Ct. 2517, 2533 (2013).

Regional argues that Jefferies has failed to allege specific facts supporting a claim of retaliatory discrimination. (Doc. 8 at 9.) It also contends that Jefferies's rebuttal is not a protected activity. (Id. at 8.) Jefferies alleges that Regional discharged her in retaliation for her filing an EEOC charge and for her having filed prior internal complaints of race discrimination. (Doc. 5-1 at 1–2.) Jefferies also alleges that she was terminated just hours after she filed her EEOC charge. (Id. at 2.)

Jefferies has stated sufficient facts to make out a claim for

retaliation. Even if Regional were correct that Jefferies's rebuttal did not constitute protected activity (an argument the court need resolve at this stage), her filing of the June 19, 2017 EEOC charge did constitute a protected activity. 42 U.S.C. § 2000e-3(a). Moreover, a plaintiff can allege a causal link through temporal proximity, provided that an employer's knowledge of protected activity and the adverse employment action that follows are closely related in time. Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001). Given that Jefferies was discharged the same day she filed her first EEOC charge and she denies having engaged in the conduct alleged to have been the basis of her dismissal, she has plausibly alleged that her discharge was causally linked to a protected activity. Clark Cty. Sch. Dist., 532 U.S. at 273.

**III. CONCLUSION**

For the reasons set forth above, therefore,

IT IS ORDERED that Defendants' motion to dismiss (Doc. 7) is GRANTED IN PART and DENIED IN PART as follows:

1. The motion to dismiss all claims against Welch is GRANTED, and all claims against Welch are DISMISSED WITH PREJUDICE.

2. The motion to dismiss the Title VII race discrimination claim against Regional is GRANTED, and the claim is DISMISSED WITHOUT PREJUDICE.

3. The motion to dismiss the Title VII retaliation claim against Regional is DENIED.

/s/   Thomas D. Schroeder
United States District Judge

June 14, 2018